JOHN A. EDEBY AND ANOTHER v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.[1]

December 6, 1935.

No. 30,606.

[1]Reported in 264 N. W. 210.

*Shearer, Byard & Trogner,* for relator.

*Kelly, Berglund & Johnson,* for respondents.

*Howard P. Quealy* and *Ralph M. McCareins, amici curiae,* filed a brief in support of the contention of relator.

HILTON, JUSTICE.

*Certiorari* to review an order of the district court granting an extension of the time within which to redeem from a real estate mortgage foreclosure sale as provided by the mortgage moratorium act, L. 1935, c. 47.

On November 7, 1924, John A. Edeby and Mayme Edeby, his wife (hereinafter referred to as the respondents), executed and delivered to the relator a mortgage to secure the payment of the sum of $11,000 with interest at the rate of 5½ per cent per annum. Subsequently default was made in the terms and conditions of the mortgage, and on May 15, 1935, the mortgage was foreclosed and the property bid in by the relator for $7,985.05, the amount then due and owing. Since that date the relator has paid on account of taxes, assessments, insurance, etc. a total of $962.23, making the amount necessary to redeem the sum of $9,433.19.

Pursuant to a petition duly filed and a hearing had thereon, the district court on June 5, 1935, granted to the respondents an extension of the time within which to redeem to December 15, 1935. The mortgaged property is a five-family frame apartment building situated in a restricted residential section in the city of Minneapolis. One apartment is located in the basement of the building and is occupied by the caretaker and his family, rent free, in return for services rendered. Each of the other apartments consists of six rooms and bath. The building is approximately 20 years old and in average physical condition. The interior needs redecorating, and the exterior is in need of paint and minor carpentry repairs. Three of the apartments are occupied at an agreed monthly rental of $45. There was evidence that they likely would continue to be so rented without redecorating but that some redecorating would be

necessary before the vacant apartment could be rented. One of the tenants has been unable for quite some time past to pay any of his rent, although the respondents have hopes of being able to collect it. All of the apartments are furnished with heat and hot water. It appears that if extensive redecorating were done the apartments could rent for considerably more than $45 monthly.

One of the respondents placed the present value of the building at $16,000. The tax assessor valued it at $13,050. One witness for relator placed it at $8,600, with the reasonable net rental value at $489. The other witness for relator placed the value at $10,150, with the reasonable net rental value at $582. There is a second mortgage debt of $2,850 on the property which was due and unpaid at the time of the hearing. The state of Minnesota has a lien of $34.68 against the premises for personal property taxes. The respondents have no money with which to repair the property and no steady income. However, they do own a farm in which they have a valuable equity and a residential house.

Relator objects that the trial court did not find the reasonable value of the property. In its finding that court stated: "That the petitioners have a valuable equity in said property over and above the respondent's mortgage." The mortgage moratorium act does not require that the trial court specifically fix a certain figure as the value of the property. The testimony of the respondent John A. Edeby and one of the witnesses for relator shows clearly that the respondents do have some equity over and above relator's lien. That is sufficient support for the finding of the trial court. It would not have added anything for the court to set out the exact amount.

Relator further objects that the court made no findings as to the reasonable rental value of the property, nor did it fix any amount required to be paid to the relator by the respondents as a condition of the extension. The court stated: "The sum of forty-five ($45.00) dollars for each apartment appears to be what can reasonably be expected as rent from said premises even without making any extensive repairs." There were four apartments in the building suitable for tenants. By the simple process of multiplication,

the reasonable rental value can be determined. The mortgage moratorium act, L. 1935, c. 47, § 4, requires that the court shall direct "the payment by such mortgagor * * * of such an amount at such times and in such manner as to the court shall, under all the circumstances, appear just and equitable." The respondents were ordered to pay over to the relator all moneys remaining of the income from the rentals after payment of the expenses for maintenance of the building. This balance was to be applied to the payment of taxes, insurance, and reduction of the mortgage debt. The court offered to require the respondents to turn over to relator all income derived from the building—the relator in turn to pay for the maintenance. This offer was rejected by relator. Respondents were required to make an accounting each month of all receipts and disbursements in connection with the management of the building. To receive rents from the apartments relator would have had to maintain them had no extension been granted. As it is, relator will receive all income above the maintenance costs. There is no evidence to support relator's suggestion that the respondents will spend all the money received on maintenance. It would be to the advantage of neither party so to do. The fact that the respondents already have considerably reduced the first mortgage debt indicates an intention on their part to act in good faith.

We conclude that the action taken by the trial court was justified under the circumstances.

Affirmed.